UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELO ALEXANDRO CODALLO-CAMBERO,<br><br>                              Petitioner,<br><br>v.<br><br>PAM BONDI, Attorney General; MARKWAYNE MULLIN, Secretary of DHS; TODD LYONS, Director of ICE; CHRISTOPHER LAROSE, Warden of Otay Mesa Detention Center,<br><br>                              Respondents. | Case No.: 3:26-cv-2559-JES-AHG<br><br>**ORDER:**<br><br>**(1) DENYING PETITION; and**<br><br>**(2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Angelo Alexandro Codallo-Cambero's ("Petitioner"): (1) Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"); and (2) Motion for a Temporary Restraining Order ("TRO"). ECF Nos. 1 ("Pet."), 2. Pursuant to the Court's Order to Show Cause (ECF No. 4), Respondents filed a return to the petition. ECF No. 7 ("Return"). The Court conditionally appointed Federal Defenders to represent Petitioner and Federal Defenders filed a traverse. ECF Nos. 4, 10. After due consideration and for the reasons below, the Court **DENIES WITHOUT PREJUDICE** the petition. The Court also **DENIES AS MOOT** Petitioner's Motion for a TRO.

1

3:26-cv-2559-JES-AHG

# I.    BACKGROUND

Petitioner is a native and citizen of Venezuela, who was admitted into the United States on a nonimmigrant visa on or about June 13, 2015, for a temporary period not to exceed six months, but remained beyond the six-month period. *See* ECF No. 7-1 (Notice to Appear, "NTA") at 2; *see also* ECF No. 7-2 ("I-213"). On March 6, 2025, Petitioner was arrested by ICE Enforcement and Removal Operations in Kissimmee, Florida while at a Florida probation office. *See* I-213 at 3. Department of Homeland Security ("DHS") determined that Petitioner is deportable/removable under 8 U.S.C. § 1227(a)(1)(B), as an individual who was admitted to the United States and has remained for a time longer than permitted by law. *See* NTA at 2. As a result, Petitioner was issued a Notice to Appear and placed in removal proceedings under 8 U.S.C. § 1229a. Return at 2. On April 22, 2025, Petitioner had a bond hearing before an Immigration Judge ("IJ") pursuant to 8 U.S.C. § 1226(a). *See generally* ECF No. 7-3. The IJ denied Petitioner's request for bond as "[t]he Court [wa]s not satisfied that the respondent is not a danger." *See id.*

On March 20, 2026, Petitioner had a merits hearing for his previously filed applications for asylum, withholding of removal and protections under the convention against torture. Return at 2, ECF No. 7-4 at 2. The IJ denied all applications for relief and ordered Petitioner removed to Venezuela, or Mexico in the alternative. *Id* at 2-5. Petitioner had until April 20, 2026, to file an appeal regarding his removal order before the Board of Immigration Appeals ("BIA"). *Id.* at 5. On April 13, 2026, Petitioner attempted to file an appeal before the BIA, but the appeal was rejected because he failed to include the appropriate filing fee or a request for a fee waiver. Return at 2; *see generally* ECF No. 7-5. Petitioner did not timely file an appeal before the BIA. Return at 2; *see generally* ECF No. 7-6. Since Petitioner never appealed the IJs removal order, his removal order became final on April 21, 2026. ECF No. 7-4 at 5.

# II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).

3:26-cv-2559-JES-AHG

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

### III.    DISCUSSION

Respondents argue that with a final order of removal, Petitioner is now detained under 8 U.S.C. § 1231 and his detention is not yet prolonged. Return at 3. The Court agrees.

Petitioner was initially admitted into the United States on a nonimmigrant visa and overstayed the six-month duration of that visa. He was detained on March 6, 2025, and was initially detained under 8 U.S.C. § 1226(a). However, once an immigration court enters a final order of removal, § 1231 governs the detention. Under this provision, the government "shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A)-(a)(2)(A). The government shall detain the alien in custody during the initial 90-day removal period by statute. *Id.* In *Zadvydas*, the Supreme Court held that when the government is unable to remove an alien within 90 days, the alien may seek review of the reasonableness of their continued detention under the due process clause through petition for writ of habeas corpus. 533 U.S. at 687. The Court instructed courts to analyze whether continued detention beyond the 90-day period "exceeds a period reasonably necessary to secure removal," based on "the [removal detention] statute's basic purpose, namely, assuring the alien's presence at the moment of removal." *Id.* at 699. The Court has held that it is presumptively reasonable for the government to detain an alien for a period of 6 months while it works to effectuate his removal after issuing a final order of removal

3:26-cv-2559-JES-AHG

against him. *Id.* at 701. Beyond that period, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute" and grant the petition for writ of habeas corpus. *Id.* at 699-700.

In his petition, Petitioner states that he "has an ongoing case on the 'BIA' Board of Immigration Appeals were Petitioned will highly succeed on." Pet. at 2. However, in the Return, Respondents highlight that Petitioner's request for appeal was rejected by the BIA and he does not have an appeal currently pending before the BIA. *See generally* ECF Nos. 7-5, 7-6. Since Petitioner did not file a valid appeal, his removal order became final on April 21, 2026. ECF No. 7-3. Thus, detention is now governed by § 1231 by statute. Under the § 1231 framework as outlined above, Petitioner's removal period clock started on April 21, 2026, when his removal became final. Thus, to date, his detention period under § 1231 is just over one month, which is still within the presumptively reasonable period articulated in *Zadvydas*.

Accordingly, at this time, the Court must **DENY** Petitioner's petition. The denial, however, is **WITHOUT PREJUDICE** to Petitioner refiling should his post-removal detention extend past the 6-month period of presumptive reasonableness.

## IV.    CONCLUSION

For the reasons discussed above, the Court **DENIES** the Petition **without prejudice**. In light of this ruling, the Court **DENIES AS MOOT** Petitioner's Motion for TRO. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: June 1, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge

4

3:26-cv-2559-JES-AHG